IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY SPADA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 1:25-cv-256 |
| | ) |
| McDONALD'S CORPORATION d/b/a McDonald's, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

I.    **Introduction**

    This *pro se* employment discrimination case was filed by Plaintiff Zachary Spada in the Erie County Court of Common Pleas and removed to this Court on August 15, 2025. Pending before the Court is a motion by Defendant Thomel Enterprises to dismiss the complaint. ECF No. 3. Plaintiff was previously ordered to respond to Defendant's motion by September 11, 2025, but he failed to do so.

    On October 2, 2025, this Court directed Plaintiff to show cause for his delinquency on or before October 20, 2025 or file a response to the Defendant's motion by that date. ECF No. 6. Plaintiff was expressly advised that his failure to comply the Court's directive could result in the Court: (a) dismissing this action based on Plaintiff's failure to prosecute his claims, (b) adjudicating the Defendant's motion without the benefit of Plaintiff's response and/or (c) deeming the Defendant's motion to be unopposed. Once again, Plaintiff has failed to comply with the Court's order.

1

**II.     Discussion**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a civil action may be involuntarily dismissed where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012). In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), *to wit*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 878; *see Brownlee*, 2020 WL 3055829, at *2. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). The Court's analysis follows.

*The Extent of Plaintiff's Personal Responsibility*

In this case, Plaintiff is proceeding *pro se*. He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

*Prejudice to the Defendants*

The Defendant's motion to dismiss was filed on August 22, 2025. Plaintiff's failure to respond to the motion or comply with this Court's orders has prevented the Court from deciding the motion and moving the litigation toward a just and efficient resolution. Although the delays

2

thus far have not been extensive, they nevertheless prejudice the Defendants at least to some degree. Although not a weighty factor, this prejudice tips the scale slightly in favor of dismissal.

### *Plaintiff's History of Dilatoriness*

This civil action involves a fairly standard employment discrimination claim, which has been pending in this Court since August 15, 2025. As noted, Plaintiff has twice failed to comply with the Court's directives. Plaintiff initially failed to respond to the Defendant's motion by the September 11, 2025 deadline established by this Court. Plaintiff then failed to comply with the Court's show cause order, which established an October 20, 2025 deadline for either explaining the delinquency or responding to the pending motion. Again, the delays thus far have not been lengthy, but they nevertheless weigh in favor of dismissal.

### *Whether the Plaintiff's Conduct Was Willful or in Bad the filing of Faith*

Because Plaintiff has not responded to the Court's show cause order, the undersigned cannot know the precise reasons for his delinquency. The Court does not necessarily infer bad faith motives on Plaintiff's part but, because he is conducting this litigation on his own behalf and is responsible for the prosecution of his claims, the Court infers that Plaintiff's delinquency is willful. This factor further justifies the dismissal of his claims.

### *The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). Here again, this factor favors dismissal.

*The Merits of Plaintiff's Claim*

Plaintiff's complaint sets forth a single claim under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. This claim is based on the Defendants' alleged failure to accommodate his emotional disability during a brief period in which Plaintiff was employed at a local McDonald's restaurant. In its motion to dismiss, Defendant Thomel Enterprises argued that Plaintiff cannot proceed with his complaint because he failed to exhaust his administrative remedies and did not otherwise plausibly allege a "failure to accommodate" claim. Thomel Enterprises has thus established colorable grounds for a dismissal of the complaint.

Plaintiff's failure to respond to the Defendant's motion means that the Court cannot definitively determine whether his claim might have ultimately been proven. But Plaintiff's failure to respond also suggests that he has abandoned his claims, perhaps because he recognizes that they lack merit. *See Lawson v. Barger*, No. 1:17-cv-97, 2018 WL 6524382, at *3 (W.D. Pa. Oct. 12, 2018) (plaintiff's failure to address arguments raised in a motion to dismiss warranted inference that plaintiff had abandoned those claims), *report and recommendation adopted*, 2018 WL 6523179, at *1 (W.D. Pa. Dec. 12, 2018); *Lada v. Delaware Cty. Community College*, Civil Action No. 08–cv–4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) (observing that "plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested").

In any event, no single *Poulis* factor is totally dispositive. On balance, the totality of considerations weighs in favor of dismissal.

### III. Conclusion

Based upon the foregoing reasons, the complaint in this matter will be dismissed with prejudice. The motion to dismiss filed by Defendant Thomel Enterprises, ECF No. [3], will be denied as moot.

An appropriate order follows

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge